UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH ALLEN LIVERGOOD,

Plaintiff,

v.   CAUSE NO.: 3:19-CV-611-JD-MGG

MARSHALL COUNTY JAIL, et al.,

Defendants.

OPINION AND ORDER

Kenneth Allen Livergood, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Livergood alleges that, on March 30, 2019, and on March 31, 2019, Officer Crawford forced him to eat on a toilet on three occasions. He complained to Sergeant Holcomb, who told him that he did not care and to not break rules. On July

17, 2019, Sergeant Holcomb placed a fifth inmate in the four-person cell shared by Livergood, which crowded Livergood and made it difficult for him to leave his bed.

Livergood asserts an Eighth Amendment conditions of confinement claim against Officer Crawford and Sergeant Holcomb. In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and inmates cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment."). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Livergood states a plausible Eighth Amendment conditions of confinement claim against Officer Crawford and Sergeant Holcomb.

Livergood also names the Marshall County Jail as a defendant. Though the Marshall County Jail is where these events occurred, the jail is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42

U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). He further includes various allegations about staph infection, scabies, assaults by inmates at the Lake County Jail, lack of medical treatment, and prosecutorial misconduct. "[L]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Further, [u]nrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Because Livergood does not describe how the individual defendants were personally involved with these allegations and because some of these allegations are unrelated to the conditions at the Marshall County Jail, Livergood may not proceed on these allegations.

He also seeks a transfer to another facility based on his fear of retaliation for filing this lawsuit, which the court construes as a request for a preliminary injunction. "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). Significantly, Livergood offers no evidence or information to suggest that he will suffer irreparable harm without a transfer to another jail. Therefore, the request for a transfer is denied.

For these reasons, the court:

(1) GRANTS Kenneth Allen Livergood leave to proceed on an Eighth Amendment claim against Sergeant Holcomb and Officer Crawford for forcing him to eat on a toilet on March 30, 2019, and March 31, 2019;

(2) GRANTS Kenneth Allen Livergood leave to proceed on an Eighth Amendment claim against Sergeant Holcomb for his overcrowded cell on July 17, 2019;

(3) DISMISSES the Marshall County Jail;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sergeant Holcomb and Officer Crawford at the Marshall County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Holcomb and Officer Crawford to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Kenneth Allen Livergood has been granted leave to proceed in this screening order.

SO ORDERED on August 27, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT